UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY COTTON (AIS # 135533) and
MARCUS O. TAITE-EL-BEY-TEY-
WASHITAW TURNER (AIS # 180664),

    *Plaintiffs*,

  v.

GOVERNOR KAY IVEY, *et al.*,

    *Defendants*.

Civil Action No. 1:23-cv-3891 (UNA)

## MEMORANDUM OPINION

Plaintiffs are prisoners who currently are incarcerated at the Bibb Correctional Facility in Brent, Alabama. This matter is before the Court on plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 2, 4) and their *pro se* complaint (ECF No. 1). Because plaintiff Marcus O. Taite-El-Bey-Tey-Washitaw Turner is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), *see Taite-El-Bey-Tey-Washitaw Turner v. Ivey*, No. 1:23-cv-3890 (D.D.C. Jan. 24, 2024) (ECF No. 4), the Court DENIES his application and DISMISSES him as a party plaintiff. The Court GRANTS plaintiff Larry Cotton's application and, for the reasons discussed below, DISMISSES the complaint and this civil action as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The complaint is short on facts and difficult to follow. It appears to demand a court order directing the United States Congress to reconsider the Guadalupe-Hidalgo Treaty Land Claims Act of 1997 and the Treaty of Camp Holmes, *see* Compl. at 1, with an eye toward taking action

1

"in favor of Washitaw Indians," *id*. at 2, which Cotton deems a sovereign nation, *see id*. If the legislation were enacted, and if the treaty were enforced, in Cotton's view, "the sovereignty of Alabama, Georgia and Florida belongs to the Royal Washitaw Nation." *Id*. at 3. Cotton may advance these arguments to challenge the State of Alabama's authority to indict, prosecute, convict and detain criminals like him, as well as the State's immunity under the Eleventh Amendment to the United States Constitution. *See id*.

This Court cannot exercise subject matter jurisdiction over a "patent[ly] insubstantial" complaint. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))). Consequently, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or the pleading "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint falls into this category. Any legal argument premised upon the purported sovereignty of the Washitaw Nation is frivolous. *See United States v. Gunwall*, 156 F.3d 1245 (10th Cir. 1998) (finding that pleadings of "member of a sovereignty known as 'Washitaw de Dugdahmoundyah'" arguing that government had no jurisdiction over him "are frivolous and [district court's] failure to rule on them was harmless"); *see also Sanders–Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008) (rejecting assertion of

jurisdiction based on status as citizen of Washitaw Nation because the "Washitaw Nation . . . is not recognized by the United States government"); *Bybee v. City of Paducah*, 46 F. App'x 735, 736–37 (6th Cir. 2002) (deeming driver license, vehicle registration and tag issued by "fictional 'Nation of Washitaw'" invalid); *El-Bey v. N. Carolina Bd. of Nursing*, No. 09-cv753, 2009 WL 5220166, at *1 (M.D.N.C. Dec. 31, 2009) (rejecting argument that plaintiff, a "member of the 'Unity Washitaw Mu'ur (Moor) Empire in country North [C]arolina Republic,'" is "entitle[d] . . . to rights under certain indigenous people declarations and [certain] treaties and laws," including "United Nations Declarations or various treaties or laws from the late eighteenth and early nineteenth century which are connected to this country's relations with Morocco, Tunisia, and Algeria"), *report and recommendation adopted,* No. 09-cv-753, 2010 WL 3283070 (M.D.N.C. Aug. 19, 2010); *Bey v. Louisiana*, No. 08-cv-0250, 2008 WL 4072747, at *1 (W.D. La. July 11, 2008) (concluding court lacked jurisdiction to declare "that within the State of Louisiana exists the capital of the Washitaw" and that plaintiff "is a citizen of the Washitaw," as "[t]he court is not aware of any law or treaty of the United States, from which this court derives its jurisdiction, that recognizes the Washitaw or grants this court any authority to declare the Washitaw's citizens or the location of its capital").

An Order is issued separately.


DATE: February 7, 2024                         RUDOLPH CONTRERAS
                                               United States District Judge